UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN L. HARRIS,<br><br>    Plaintiff,<br><br> v.<br><br>BENJAMIN J. CLUFF; GRANT P. LOBES; SEAN WYNN; MATTHEW GONZALES; and BENJAMIN ANDERSEN,<br><br>    Defendants. | Case No. 1:25-cv-00072-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

  The Clerk of Court conditionally filed Plaintiff Steven L. Harris's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

  Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.  Standards of Law for Screening Complaints**

  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing

court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense, such as the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

A court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim. Therefore, in its review under §§ 1915 and 1915A, the Court has reviewed only the Complaint found at Docket No. 1, not the affidavit or other documents attached to the Complaint. *See* General Order 342, *In Re: Procedural Rules for Prisoner Civil*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

*Case Filings and for Prisoner E-Filing Program*, § A(1)(b) and (c) ("No exhibits may be attached to a complaint or any type of amended complaint, except those showing exhaustion of administrative remedies[,] [and] [n]o affidavits may be attached to a complaint or any type of amended complaint.").

2.      **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at the Idaho State Correctional Center. Plaintiff alleges that the prosecutor, judge, and the public defender in Plaintiff's state court criminal case violated his constitutional rights. Plaintiff also alleges that the head of the public defender's office did not ensure Plaintiff was provided with effective assistance of counsel in that criminal case. Finally, Plaintiff alleges that his arrest on those criminal charges was not supported by probable cause. Plaintiff seeks monetary damages. *See generally Compl.*, Dkt. 1.

3.      **Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff twenty-eight days to amend the Complaint. Any amended complaint should take into consideration the following.

   A.      *Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

      i.      <u>*Heck v. Humphrey*</u>

Plaintiff's claims all appear to challenge the criminal conviction for which Plaintiff is incarcerated and, as such, are likely barred by *Heck v. Humphrey*, 512 U.S. 477. In *Heck*, the United States Supreme Court held that a civil rights claim "is not cognizable under § 1983" if the plaintiff's success would "render a conviction or sentence invalid." *Id*. at 486–87.

That is, a § 1983 action "is barred if—but only if—success in the action . . . would necessarily imply or demonstrate that the plaintiff's earlier conviction was invalid." *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1006 (9th Cir. 2022) (en banc) (internal quotations and citation omitted). To overcome this bar, a plaintiff must show either that (1) the action, if successful, would *not* necessarily "demonstrate the invalidity of any outstanding criminal judgment" or (2) "the conviction or sentence has already been invalidated." *Id.* at 1005 (quoting *Heck*, 512 U.S. at 487).

If Plaintiff files an amended complaint, he should set forth how the alleged constitutional violations relate to his current incarceration. If Plaintiff believes that his claims, if successful, would *not* imply the invalidity of his conviction, he must set forth detailed allegations regarding that conviction and explain his position.

      ii.      <u>State Action Requirement</u>

Plaintiff's § 1983 claims against his public defender are implausible not only because success on those claims would imply the invalidity of Plaintiff's conviction, but also because the claims fail for lack of state action.

Section 1983 provides a remedy for the statutory or constitutional violations of persons acting *under color of state law*, and "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, a defense attorney "is not acting on behalf of the State; he is the State's *adversary*." *Id.* at 322 n.13 (emphasis added).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

       iii.       Absolute Immunity

In addition to the *Heck v. Humphrey* bar, Plaintiff's claims against the state prosecutor and trial judge are implausible because the Defendants are entitled to absolute immunity.

Judges have long been accorded absolute immunity from damages actions arising out of judicial acts taken within the jurisdiction of their courts. *See Wyatt v. Cole*, 504 U.S. 158 (1992); *Bradley v. Fisher*, 80 U.S. 335 (1871). Title 42 U.S.C. § 1983 was not intended to abolish the doctrine of judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967).

Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the Plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (quoting *Bradley*, 80 U.S. at 347). Stated another way, judges have absolute immunity from suit for damages arising from their judicial acts unless they acted in a complete absence of jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991).

Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988). "[J]udicial immunity is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11. Indeed, judicial immunity is not lost even if the judge conspired with a prosecutor "to predetermine the outcome of a judicial proceeding." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc).

There are two circumstances in which absolute judicial immunity does not apply. First, a judge is not immune from liability for performing an act that is not "judicial" in nature. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978). For example, a judge who leaves the bench and uses physical force to evict a person from the courtroom is engaged in a nonjudicial act and, thus, is not immune from liability. *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). But a judge who orders officers to forcibly seize a person *is* immune, because a "judge's direction to court officers to bring

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

a person who is in the courthouse before him is a function normally performed by a judge." *Mireles*, 502 U.S. at 12.

Second, absolute immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356 (internal citations omitted). The scope of a judge's jurisdiction "must be construed broadly . . . . A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his [or her] authority." *Id*. The question of whether a judge acted in the clear absence of jurisdiction is distinct from the question of whether a judge acted in excess of authority. Even if a judge exceeds her authority in issuing a ruling, that judge is immune so long as the case is properly before the court. *Mireles*, 502 U.S. at 13.

The difference between acting in the absence of jurisdiction (no immunity) and acting in excess of authority (immunity) is made clear in the following example:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear *absence* of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in *excess* of his jurisdiction and would be immune.

*Stump*, 435 U.S. at 357 n.7 (emphasis added).

Plaintiff disagrees with the trial judge's actions in the course of adjudicating Plaintiff's criminal case. Such disagreements, however, do not remove the shield of absolute immunity afforded to judges. "The bottom line is this: adverse or unfavorabl[e] rulings do not give rise to claims of judicial misconduct." *Quinn v. Kibodeaux*, 2020 WL 6701457, at *2 (D. Idaho Nov. 13, 2020), *aff'd*, 837 F. App'x 500 (9th Cir. 2021). Such rulings simply "are not subject to review by this Court." *Id*.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

The prosecutor in Plaintiff's state court criminal case also is likely entitled to absolute immunity. Prosecutors are absolutely immune from suit for any actions taken in the performance of an integral part of the criminal judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Such actions include initiating and pursuing a criminal prosecution, *id.* at 410, preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), participating in hearings, and "making false or defamatory statements in judicial proceedings," *Burns v. Reed*, 500 U.S. 478, 490 (1991).

Prosecutors are not absolutely immune if they conduct their own investigations, if they fabricate evidence, or if they elicit known false evidence for use in a prosecution. *See Milstein v. Cooley*, 257 F.3d 1004, 1011 (9th Cir. 2001). Absolute prosecutorial immunity does extend, however, to "the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Id.* at 1008; *see Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003). If a prosecutor is not entitled to absolute immunity, the prosecutor may still be entitled to qualified immunity, which insulates governmental actors from liability for money damages other than "the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (internal quotation marks omitted).

Plaintiff should keep the above standards in mind if he files an amended complaint.

B.  *State Law Claims*

In addition to § 1983 claims, Plaintiff purports to assert state law claims. However, Plaintiff does not specifically identify any such claims. *See Compl*. at 1. Moreover, because the Complaint fails to state a federal claim upon which relief may be granted, the Court would decline to exercise supplemental jurisdiction over Plaintiff's state law claims in any event. If Plaintiff files an amended complaint, and if the amended complaint identifies and states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

**4.  Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson*, 588 F.2d at 743. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing Plaintiff's claims are not *Heck*-barred, as explained above.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within twenty-eight days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has twenty-eight days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion

to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[1]

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order. *See* 28 U.S.C. §§ 1915 and 1915A; Fed. R. Civ. P. 41(b).

3. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is **DENIED** without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: April 8, 2025

_____
Amanda K. Brailsford
U.S. District Court Judge

---

[1] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).