UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN L. HARRIS,<br><br>        Plaintiff,<br><br>   v.<br><br>BENJAMIN J. CLUFF; GRANT P. LOBES; SEAN WYNN; MATTHEW GONZALES; and BENJAMIN ANDERSEN,<br><br>        Defendants. | Case No. 1:25-cv-00072-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Steven L. Harris is a prisoner proceeding pro se and in forma pauperis in this civil rights action asserting civil rights claims under 42 U.S.C. § 1983. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 7.

Plaintiff has now filed a Motion to Review Amended Complaint, which appears to include the Amended Complaint itself. Dkt. 8. Plaintiff has also filed a Motion for Judge Disqualification. Dkt. 10. The Court will address each of these documents below.

1.      **Motion for Disqualification**

Plaintiff incorrectly asserts that a party may require disqualification (or recusal) of a judge without a statement of grounds in support. Dkt. 10 at 1. Although the Idaho state courts have a procedural rule permitting a party one automatic disqualification without stating a basis, the federal

courts do not have a comparable rule. Instead, 28 U.S.C. §§ 144[1] and 455[2] govern a federal judge's disqualification. Plaintiff has not shown that either section—or any case interpreting those sections—applies in this case.

---

[1] Section 144 provides that a judge must recuse herself from a case "[w]henever a party to any proceeding . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."

[2] Section 455 provides as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2

Plaintiff contends that the undersigned judge is a friend of the Defendants and has attended "cookouts" and played golf with them. Plaintiff is mistaken. I do not know and have never met any of the Defendants named in this case.

For these reasons, the Court concludes that the impartiality of the undersigned judge would not reasonably be questioned. Further, Plaintiff has not shown that the Court is biased or prejudiced. Accordingly, Plaintiff's motion for disqualification will be denied for lack of a viable legal theory and insufficient supporting evidence.

**2.    Review of Amended Complaint**

The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

   *A.    Screening Requirement and Pleading Standard*

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more

than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

### B.     Discussion

The Court previously explained that Plaintiff's claims—all of which challenge the state court criminal proceedings that resulted in Plaintiff's conviction—appeared to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Initial Review Order* at 4. *Heck* requires dismissal of a civil rights complaint if a plaintiff's success on the claims would necessarily imply the invalidity of the plaintiff's conviction unless that conviction has been overturned or otherwise called into question. *Heck*, 512 U.S. at 486–87. To overcome the *Heck* bar, a plaintiff must show either that (1) the action, if successful, would not necessarily "demonstrate the invalidity of any outstanding criminal judgment" or (2) "the conviction or sentence has already been invalidated." *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1005 (9th Cir. 2022) (en banc) (internal quotations and citation omitted). If a plaintiff's claims are barred by *Heck*, the claims must be dismissed without prejudice so that, if the conviction is later invalidated, the plaintiff can reassert those claims. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam).

Plaintiff has failed to establish that his conviction has been overturned or that success on his claims would not imply the invalidity of that conviction. Accordingly, the Amended Complaint is subject to dismissal on this basis.

Plaintiff also has failed to establish that his public defender was a state actor or that the state prosecutor and state court judge are not immune from suit. The Court previously explained

the requirement of state action and the doctrine of absolute immunity, *see Initial Review Order* at 4–7, and Plaintiff has failed to remedy the deficiencies in the complaint with respect to these issues.

3. **Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Judge Disqualification (Dkt. 10) is **DENIED**.

2. Plaintiff's Motion to Review Amended Complaint (Dkt. 8) is **GRANTED**.

3. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 7), this entire case is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and *Heck v. Humphrey*, 512 U.S. 477 (1994).



DATED: June 4, 2025

Amanda K. Brailsford
U.S. District Court Judge